1  SEYFARTH SHAW LLP
   Daniel Whang (SBN 223451)
2  2029 Century Park East, Suite 3500
   Los Angeles, California 90067-3021
3  Telephone:   (310) 277-7200
   Facsimile:    (310) 201-5219
4
   Attorneys for Defendants
5  THE AMERICAN BOTTLING COMPANY;
   DR PEPPER/SEVEN UP, INC.; and KEURIG DR
6  PEPPER INC.

7

8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12  SAMUAL RYCIAK,                    Case No. 5:22-cv-945

13           Plaintiff,               **DEFENDANTS' NOTICE OF
                                      REMOVAL OF CIVIL ACTION TO
14      v.                            THE UNITED STATES DISTRICT
                                      COURT**
15  THE AMERICAN BOTTLING
    COMPANY, a Delaware corporation; DR   **[28 U.S.C. §§ 1332, 1441, AND 1446]**
16  PEPPER/SEVEN UP, INC., a Delaware
    corporation; KEURIG DR. PEPPER INC.,  [Riverside County Superior Court
17  a Delaware corporation; and DOES 1-50,  Case No. CVRI2201797]

18           Defendants.              Complaint Filed:      May 4, 2022

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.  BACKGROUND ...................................................................................................1

II.  TIMELINESS OF REMOVAL .........................................................................1

III.  CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL .................................3

    A.  Plaintiff And Defendants Are Minimally Diverse .........................................4

        1.  Plaintiff Is A Citizen Of California.........................................................4

        2.  Defendants Are Not Citizens Of California..........................................5

    B.  The Amount In Controversy Exceeds The Statutory Minimum ....................6

        1.  Meal and Rest Period Claims.................................................................13

        2.  Waiting Time Penalties........................................................................16

        3.  Wage Statement Penalties ...................................................................17

        4.  Approximate Aggregate Amount In Controversy ............................18

        5.  Attorneys' Fees ...................................................................................18

IV.  VENUE ..............................................................................................................21

V.  NOTICE TO STATE COURT AND TO PLAINTIFF ...........................................21

VI.  PRAYER FOR REMOVAL ................................................................................21

i

84009708v.4

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Abrego v. Dow Chemical Co.*,
    443 F.3d 676 (9th Cir. 2006) ................................................................. 6, 8

*Agredano v. Sw. Water Co.*,
    2017 WL 2985395 (C.D. Cal. May 30, 2017) ........................................ 14

*Arias v. Residence Inn by Marriott*,
    936 F.3d 920 (9th Cir. 2019) .................................................... 8, 15, 19

*Armstrong v. Church of Scientology Int'l*,
    243 F.3d 546 (9th Cir. 2000) .................................................................... 4

*Arreola v. The Finish Line*,
    2014 WL 6982571 (N.D. Cal. Dec. 9, 2014) ......................................... 10

*Brady v. Mercedes-Benz USA, Inc.*,
    243 F. Supp. 2d 1004 (N.D. Cal. 2002) ................................................. 18

*Bryant v. NCR Corp.*,
    284 F. Supp. 3d 1147 (S.D. Cal. 2018) .................................................. 14

*Byrd v. Masonite Corp.*,
    2016 WL 2593912 (C.D. Cal. May 5, 2016) .......................................... 16

*Campbell v. Vitran Exp., Inc.*,
    471 F. App'x 646 (9th Cir. 2012) ........................................................... 20

*Castanon v. Int'l Paper Co.*,
    2016 WL 589853 (C.D. Cal. February 11, 2016) ..................................... 5

*Chavez v. JPMorgan Chase & Co.*,
    888 F.3d 413 (9th Cir. 2018) .................................................................. 19

*Cicero v. DirecTV, Inc.*,
    2010 U.S. Dist. LEXIS 86920 (C.D. Cal. July 27, 2010) ...................... 20

*City of Clarksdale v. BellSouth Telecommunications, Inc.*,
    428 F.3d 206 (5th Cir. 2005) .................................................................... 2

ii

84009708v.4

*Coleman v. Estes Express Lines, Inc.*,
   730 F. Supp. 2d 1141 (C.D. Cal. 2010), *aff'd sub nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) ...................................... 10, 15

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   574 U.S. 81, 135 S.Ct. 547 (2014) .................................................................. 8

*Davis v. HSBC Bank Nevada, N.A.*,
   557 F.3d 1026 (9th Cir. 2009) ......................................................................... 5

*Feao v. UFP Riverside, LLC*,
   2017 WL 2836207 (C.D. Cal. June 26, 2017) ............................................... 11

*Franke v. Anderson Merchandisers LLC*,
   2017 WL 3224656 (C.D. Cal. July 28, 2017) .......................................... 10, 11

*Fristoe v. Reynolds Metals Co.*,
   615 F.2d 1209 (9th Cir. 1980) ......................................................................... 6

*Fritsch v. Swift Transp. Co. of Arizona, LLC*,
   899 F.3d 785 (9th Cir. 2018) ......................................................................... 19

*Galt G/S v. JSS Scandinavia*,
   142 F.3d 1150 (9th Cir. 1998) ....................................................................... 18

*Guglielmino v. McKee Foods Corp.*,
   506 F.3d 696 (9th Cir. 2007) ....................................................................... 8, 9

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ........................................................................................... 5

*Jones v. Tween Brands, Inc.*,
   2014 WL 1607636 (C.D. Cal. Apr. 22, 2014) ............................................... 11

*Kantor v. Wellesley Galleries, Inc.*,
   704 F.2d 1088 (9th Cir. 1983) ......................................................................... 4

*Korn v. Polo Ralph Lauren Corp.*,
   536 F. Supp. 2d 1199 (E.D. Cal. 2008) ........................................................... 8

*Longmire v. HMS Host USA, Inc.*,
   2012 WL 5928485 (S.D. Cal. Nov. 26, 2012) ............................................... 18

*Lopez v. Aerotek, Inc.*,
   2015 WL 2342558 (C.D. Cal. May 14, 2015) ............................................... 15

iii

*Lucas v. Michael Kors (USA), Inc.*,
   2018 WL 2146403 (C.D. Cal. May 9, 2018) .................................................. 19

*Mejia v. DHL Express (USA), Inc.*,
   2015 WL 2452755 (C.D. Cal. May 21, 2015) ............................................. 15

*Muniz v. Pilot Travel Ctrs. LLC*,
   2007 WL 1302504 (E.D. Cal. May 1, 2007) ......................................9, 10, 14, 19

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) ............................................................................... 2

*Powers v. Eichen*,
   229 F.3d 1249 (9th Cir. 2000) ............................................................... 20

*In re Quintas Secs. Litig.*,
   148 F. Supp. 2d 967 (N.D. Cal. 2001) ...................................................... 20

*Ramos v. Schenker, Inc.*,
   2018 WL 5779978 (C.D. Cal. Nov. 1, 2018) ............................................ 19

*Ritenour v. Carrington Mortg. Servs. LLC*,
   228 F. Supp. 3d. 1025 (C.D. Cal. 2017) ................................................... 11

*Rodriguez v. AT&T Mobility Servs. LLC*,
   728 F.3d 975 (9th Cir. 2013) ............................................................... 7, 9

*Sanchez v. Monumental Life Ins. Co.*,
   102 F.3d 398 (9th Cir. 1996) .................................................................. 8

*Schiller v. David's Bridal, Inc.*,
   2010 WL 2793650 (E.D. Cal. July 14, 2010) .............................................. 8

*Soliman v. Philip Morris, Inc.*,
   311 F. 3d 966 (9th Cir. 2002) ................................................................. 6

*Soratorio v. Tesoro Ref. and Mktg. Co., LLC*,
   2017 WL 1520416 (C.D. Cal. Apr. 26, 2017) ....................................... 10, 11

*Standard Fire Ins. Co. v. Knowles*,
   568 U.S. 588 (2013) ............................................................................. 7

*State Farm Mut. Auto Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) .................................................................. 4

iv

84009708v.4

*Tajonar v. Echosphere,*
    LLC, 2015 WL 4064642 (S.D. Cal. July 2, 2015) ......................................16

*Torrez v. Freedom Mortg., Corp.,*
    2017 WL 2713400 (C.D. Cal. June 22, 2017) ............................................11

*Valdez v. Allstate Ins. Co.,*
    372 F.3d 1115 (9th Cir. 2004) ......................................................................9

*Wheatley v. MasterBrand Cabinets,*
    2019 WL 688209 (C.D. Cal. Feb. 19, 2019) .................................10, 14, 19

*Wren v. RGIS Inventory Specialists,*
    2011 U.S. Dist. LEXIS 38667 (N.D. Cal. Apr. 1, 2011)............................20

*Zavala v. Deutsche Bank Trust Co. Americas,*
    2013 WL 3474760 (N.D. Cal. July 10, 2013) ...............................................4

**State Cases**

*Caliber Bodyworks, Inc. v. Sup. Ct.,*
    134 Cal. App. 4th 365 (2005) .....................................................................17

*Murphy v. Kenneth Cole Prods., Inc.,*
    40 Cal. 4th 1094 (2007) ..............................................................................13

*Pineda v. Bank of America, N.A.,*
    50 Cal. 4th 1389 (2010) .......................................................................13, 16

**Federal Statutes**

28 U.S.C. § 84(a) ...............................................................................................21

28 U.S.C. § 1332 ..................................................................................................6

28 U.S.C. § 1332(a) .............................................................................................7

28 U.S.C. § 1332(c) .............................................................................................1

28 U.S.C. § 1332(c)(1) .........................................................................................6

28 U.S.C. § 1332(d) .......................................................................................7, 21

28 U.S.C. § 1332(d)(2).........................................................................1, 3, 6, 20

28 U.S.C. § 1332(d)(2)(A)....................................................................................4

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

84009708v.4

28 U.S.C. § 1332(d)(5)(B) ................................................................................ 3

28 U.S.C. § 1332(d)(6) ................................................................................. 3, 6

28 U.S.C. § 1367(a) ........................................................................................ 21

28 U.S.C. § 1391(a) ........................................................................................ 21

28 U.S.C. § 1441 ............................................................................................. 21

28 U.S.C. § 1441(a) .................................................................................. passim

28 U.S.C. § 1446 ........................................................................................... 1, 2

28 U.S.C. § 1446(b) .......................................................................................... 2

28 U.S.C. § 1446(d) ........................................................................................ 21

28 U.S.C. § 1453 ............................................................................................... 1

Class Action Fairness Act of 2005 ............................................................ passim

Pub.L. 112–63, December 7, 2011, 125 Stat. 758, § 103(b)(3)(C) (codified at
     28 U.S.C. § 1446(c)(2) (emphasis added)) ............................................... 7

**State Statutes**

Cal. Bus. & Prof. Code § 17200 ..................................................................... 13

Cal. Bus. & Prof. Code § 17208 ................................................................. 3, 13

Cal. Civ. Proc. Code § 340(a) ........................................................................ 17

Cal. Code Civ. Proc. § 338, subd.(a) (Stats.1935, ch. 581, § 1, p. 1673) ........................ 16

Cal. Code Civ. Proc. § 415.10 .......................................................................... 2

Cal. Lab. Code § 201 ................................................................................. 16, 17

Cal. Lab. Code § 202 ................................................................................. 16, 17

Cal. Lab. Code § 203 ................................................................................. 16, 17

Cal. Lab. Code § 203(a) ................................................................................. 16

Cal. Lab. Code § 226 ...................................................................................... 17

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

84009708v.4

Cal. Lab. Code § 226(e) ................................................................................ 17

Cal. Lab. Code § 226, subd.(a) ..................................................................... 17

Cal. Lab. Code § 226.7 ................................................................................. 13

Cal. Lab. Code § 226.7 subd.(c) ................................................................... 13

California's Unfair Competition Law ............................................................... 3

**Regulations**

Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005),
    *reprinted in* 2005 U.S.C.C.A.N. 3, 40 ........................................................ 7

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

84009708v.4

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF, SAMUAL RYCIAK, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants The American Bottling Company ("ABC"), Dr Pepper/Seven Up, Inc. ("DPSU"), and Keurig Dr Pepper Inc. ("KDP") (collectively "Defendants") file this Notice of Removal, pursuant to 28 U.S.C. §§ 1332(c), 1332(d)(2), 1441(a), 1446, and 1453, to effectuate the removal of the above-captioned action from the Superior Court for the County of Riverside to the United States District Court for the Central District of California.

This Court has original jurisdiction under 28 U.S.C. §§ 1332(c), (d)(2)—the Class Action Fairness Act of 2005 ("CAFA").  Removal is proper for the following reasons:

## I.   BACKGROUND

1.     On May 4, 2022, Plaintiff Samual Ryciak ("Plaintiff") filed a class action complaint in the Superior Court of California for the County of Riverside, entitled "*Samual Ryciak, an individual, on behalf of himself and all others similarly situated, v. THE AMERICAN BOTTLING COMPANY, a Delaware corporation; DR PEPPER/SEVEN UP, INC., a Delaware corporation; KEURIG DR PEPPER INC., a Delaware corporation; and DOES 1 to 50,*" Case No. CVRI2201797 ("Complaint").

2.     On May 5 2022, Defendants' registered agent for service of process in California received, via process server and for each Defendant separately, the Summons; Complaint; Civil Case Cover Sheet; ADR Information Package; and Notice of Department Assignment.  A true and correct copy of the packets received by Defendants is attached hereto as **Exhibit A**. A true and correct copy of the Service of Process Notification from CO Corporation System is attached hereto as **Exhibit B.**

3.     Defendants have not filed or received any other pleadings or papers, other than the pleadings described as Exhibit A, in this action prior to this Notice of Removal.

## II.   TIMELINESS OF REMOVAL

4.     The time for filing a Notice of Removal does not run until a party has been

1

formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

5.     The service of process which triggers the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

6.     This Notice of Removal is timely because it is filed within thirty (30) days of service of the Complaint, by personal service on Defendants' agent for service of process, on May 5, 2022.  (Ex. B.)  Cal. Code Civ. Proc. § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery."); 28 U.S.C. § 1446(b).  Thirty (30) days from the service of the Complaint on Defendants on May 5, 2022 is Saturday, June 4, 2022.  The next court day would be June 6, 2022.

7.     Defendants' 30-day time limit to remove is triggered by Plaintiff's service of the Summons and the Complaint on May 5, 2022.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"). This Notice of Removal is timely because it is filed within thirty (30) days of personal service of the Summons and Complaint on May 5, 2022.  28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10.

8.      Plaintiff asserts ten causes of action in his Complaint against Defendants: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Rest Periods and Pay Rest Period Premiums; (4) Failure to Provide Meal Periods and Pay Meal Period Premiums; (5) Failure to Maintain Accurate Employment Records; (6) Failure to Timely Pay Wages During Employment; (7); Failure to Timely Pay Wages Upon Separation of Employment; (8) Failure to Reimburse Business Expenses; (9) Failure to Provide Accurate Wage Statements; (10) Violation of the Unfair Competition Law.  (Ex. A, Complaint, ¶¶ 51-132.)

9.      The Complaint seeks to certify a class of "[a]ll individuals who are or were employed by Defendants as non-exempt employees in California during the Class Period," which is defined as "the period from four years prior to the filing of this action and continuing into the present and ongoing." (Ex. A, Complaint, ¶¶ 2-3.)

10.      Plaintiff's Tenth Cause of Action is based on an alleged "Violation of California's Unfair Competition Law," specifically the California Unfair Competition Law ("UCL").  (Ex. A, Complaint, ¶¶ 113-117.)  The statute of limitations on Plaintiff's Ninth Cause of Action for UCL is four years.  (*See* Cal. Bus. & Prof. Code § 17208.)

11.      Accordingly, for purposes of the calculations in this Notice of Removal, the "relevant time period" starting "four years preceding the filing of this Complaint" is from **May 4, 2018** until the present.

III.   **CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL**

12.      This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. Section 1332(d)(2).  As set forth below, this action is properly removable, pursuant to 28 U.S.C. Section 1441(a), in that this Court has original jurisdiction over the action, because the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of a defendant.  28 U.S.C. §§ 1332(d)(2) & (d)(6).  Furthermore, the number of putative class members is greater

than 100.  28 U.S.C. § 1332(d)(5)(B); Declaration of John Tynan in Support of Defendants' Notice of Removal ("Tynan Decl."), ¶ 8.

### A. Plaintiff And Defendants Are Minimally Diverse

13.    CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant.  28 U.S.C. § 1332(d)(2)(A).  In the instant case, Plaintiff is a citizen of a state (California) that is different from the state of citizenship of Defendants (which are citizens of Delaware).

### 1. Plaintiff Is A Citizen Of California

14.    For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must … be domiciled in the state").  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile"); *see also Zavala v. Deutsche Bank Trust Co. Americas*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes").  Citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

15.    Plaintiff alleges that he resides in the State of California.  (Ex. A, Complaint, ¶ 10) ("At all relevant times, Plaintiff, who is over the age of 18, was and currently is a citizen of California residing in the State of California.")  In his employment files, Plaintiff listed his home address as being in Riverside, California.  (Tynan Decl., ¶ 4.)  Plaintiff's intent to remain domiciled in California is further evident

4

84009708v.4

from the fact that he brought his lawsuit against Defendants in Riverside County Superior Court.  Accordingly, Plaintiff is a citizen of California.

### 2.      Defendants Are Not Citizens Of California

16.     Defendants are not now, nor were at the time this action commenced, citizens of the State of California.  Rather, they are and were citizens of Delaware, Massachusetts, and Texas.  For diversity purposes, a "corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"  *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)); *Castanon v. Int'l Paper Co.*, 2016 WL 589853, at *2 (C.D. Cal. February 11, 2016).  Under the "nerve center" test, the principal place of business is the state where the "officers direct, control, and coordinate" the corporation's activities and where the corporation maintains its headquarters:

> We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's 'nerve center.'  **And in practice it should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'**

*Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010).

17.     Defendants are incorporated under the laws of the State of Delaware. (Tynan Decl., ¶ 5.)

18.     KDP's principal place of business and headquarters are in both Burlington, Massachusetts and Frisco, Texas.  (Tynan Decl., ¶ 6.)  KDP's high-level officers direct, control, and coordinate corporate activities from these dual headquarters.  (*Id.*)  Additionally, the majority of KDP's executive and administrative functions are directed from Massachusetts and Texas, including corporate finance, accounting, purchasing, marketing, and information systems.  (*Id.*)  Accordingly, KDP was at the time this action

5

was commenced, and remains today, a citizen of the States of Delaware, Texas, and Massachusetts within the meaning of 28 U.S.C. section 1332(c)(1), and not a citizen of the State of California.

19.    ABC and DSPU's principal place of business and headquarters is in Frisco, Texas.  (Tynan Decl., ¶ 7.)  ABC and DSPU's high-level officers direct, control, and coordinate corporate activities from Frisco, Texas.  (*Id.*)  Additionally, the majority of ABC and DSPU's executive and administrative functions are directed from Texas, including corporate finance, accounting, purchasing, marketing, and information systems. (*Id.*)  Accordingly, ABC and DSPU were at the time this action was commenced, and remain today, citizens of the States of Delaware and Texas within the meaning of 28 U.S.C. section 1332(c)(1), and not citizens of the State of California.

20.    **Doe Defendants.**  Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant").  Indeed, the presence of "DOE" defendants in this case has no bearing on diversity of citizenship for removal.  Thus, the existence of "DOES 1-50" in the Complaint does not deprive this Court of jurisdiction.  *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied in CAFA removal).

### B.    The Amount In Controversy Exceeds The Statutory Minimum

21.    CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter

in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.  The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  *Id.* at 42-43 ("if a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . .  Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

22.    **Preponderance Of The Evidence Standard.**  Plaintiff's Complaint does not allege the amount in controversy for the class he purports to represent.  Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a **preponderance of the evidence** that the amount in controversy exceeds the statutory minimum.  In *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013), the U.S. Supreme Court held that the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard.  *Accord Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

23.    In 2011, Congress amended the federal removal statute to specify that, where the underlying state practice "permits recovery of damages in excess of the amount demanded . . . removal of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the *preponderance of the evidence*, that the amount in controversy exceeds the amount specified in section 1332(a)."  Pub.L. 112–63,

7

84009708v.4

December 7, 2011, 125 Stat. 758, § 103(b)(3)(C) (codified at 28 U.S.C. § 1446(c)(2) (emphasis added)); *accord Abrego*, 443 F.3d 676, 683 (9th Cir. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) ("the complaint fails to allege a sufficiently specific total amount in controversy … we therefore apply the preponderance of the evidence burden of proof to the removing defendant"). The defendant must show that it is "more likely than not" that the jurisdictional threshold is met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $50,000. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount"); *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *2 (E.D. Cal. July 14, 2010) (same).

24.    To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 554 (2014); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("Because some remnants of our former antiremoval presumption seem to persist, we reaffirm three principles that apply in CAFA removal cases. First, a removing defendant's notice of removal 'need not contain evidentiary submissions' but **only plausible allegations** of the jurisdictional elements"; "An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite ... amount'") (emphasis added).

25.    The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to

research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

26.    It is well-settled that "the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, *3 (E.D. Cal. May 1, 2007) (denying motion for remand of a class action for claims under the California Labor Code for missed meal and rest periods, unpaid wages and overtime, inaccurate wage statements, and waiting-time penalties).

27.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (holding that the ordinary preponderance of the evidence standard applies even if a complaint is artfully pled to avoid federal jurisdiction); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 702 (9th Cir. 2007) (holding that even if a plaintiff affirmatively pled damages less than the jurisdictional minimum and did not allege a sufficiently specific total amount in controversy, the removing defendant is still only required to show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold).

28.    **The Court Should Assume A 100% Violation Rate Based On Plaintiff's Class-Wide Allegations.**  If a plaintiff asserts statutory violations, the court should assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise:

As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations.  Plaintiff is the "master of [her] claim[s]," and if she wanted to avoid removal, she could have alleged

9

84009708v.4

facts specific to her claims which would narrow the scope of the putative class or the damages sought.  She did not.

*Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Wheatley v. MasterBrand Cabinets*, 2019 WL 688209, at *5 (C.D. Cal. Feb. 19, 2019) ("Defendant and the Court must rely on assumptions regarding the rate of the alleged violations … Plaintiff does not allege that some putative class members were subject to distinct policies. The Court therefore finds the assumption that uniform … policies were applied to **all** putative class members reasonable") (emphasis added); *Soratorio v. Tesoro Ref. and Mktg. Co., LLC*, 2017 WL 1520416, at *3 (C.D. Cal. Apr. 26, 2017) ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendant's 'common practice.'  It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Arreola v. The Finish Line*, 2014 WL 6982571, *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010), *aff'd sub nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation").

29.     Numerous other District Courts have similarly concluded that alleging a policy of noncompliance in a complaint justifies the assumption of a 100 percent violation rate.  *See Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in

controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice—or other similar language—and where the plaintiff offers no evidence rebutting this violation rate"); *Torrez v. Freedom Mortg., Corp.*, 2017 WL 2713400, at *3-5 (C.D. Cal. June 22, 2017) (where complaint alleged "FMC engaged in a pattern and practice of wage abuse against its hourly-paid or non-exempt employees within the state of California," the complaint "can reasonably be interpreted to imply nearly 100% violation rates"); *Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice – or other similar language – and where the plaintiff offers no evidence rebutting this violation rate"); *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *5 (C.D. Cal. June 26, 2017) ("Plaintiff's allegations contain no qualifying words such as 'often' or 'sometimes' to suggest less than uniform violation that would preclude a 100 percent violation rate."); *Soratorio, LLC*, 2017 WL 1520416, at *3 ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendants' 'common practice.'  It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate – especially since Plaintiffs offer no alternative rate to challenge Defendant's calculations."); *Jones v. Tween Brands, Inc.*, 2014 WL 1607636, at *3 (C.D. Cal. Apr. 22, 2014) (using 100 percent violation rate for waiting-time penalties since the complaint did not limit the number or frequency of violations).

84009708v.4

30.     The alleged amount in controversy in this class action, in the aggregate, exceeds $5,000,000.  Plaintiff's Complaint seeks to certify, and seeks relief on behalf of, "[a]ll individuals who are or were employed by Defendants as non-exempt employees in California during the Class Period," which is defined as "the period from four years prior to the filing of this action and continuing into the present and ongoing."  (Ex. A, Complaint, ¶¶ 2-3.)  Given that Plaintiff's Complaint was filed on May 4, 2022, for purposes of the calculations in this Notice of Removal the "relevant time period" is from **May 4, 2018** until the present.

31.     During the relevant time period identified in the Complaint, ABC employed approximately 4,998 non-exempt hourly employees in California, who worked a total of approximately 411,297 workweeks.  (Tynan Decl., ¶¶ 8, 10.)  The average rate of pay for non-exempt employees was approximately $20.46 per hour.  (Tynan Decl., ¶ 9.)

32.     Plaintiff seeks to recover, on behalf of himself and the alleged class, unpaid wages and penalties for Defendants' alleged failure to pay minimum and overtime wages, failure to provide meal and rest breaks, failure to pay all wages due during employment, failure to pay all wages due upon resignation or termination of employment, failure to provide accurate and complete itemized wage statements, unreimbursed business expenses, failure to maintain accurate employment records, and unfair business practices. (Ex. A, Complaint.)  Plaintiff also seeks attorneys' fees and costs.  (Ex. A, Complaint, Prayer for Relief.)

33.     As set forth below, the alleged amount in controversy implicated by the class-wide allegations exceeds $5,000,000.  **All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission of the truth of the facts alleged and assuming solely for purposes of this Notice of Removal that liability is established.**

34.     The calculations below show that the alleged amount in controversy exceeds $5,000,000, when considering non-exempt employees, such as Plaintiff, and when considering just a few of the causes of action alleged in the Complaint.

12

84009708v.4

### 1.    Meal and Rest Period Claims

35.    Plaintiff seeks payments for alleged denial of or missed or interrupted meal periods and rest periods.  (Ex. A, Complaint, ¶¶ 33-47.)  Plaintiff's Complaint alleges that "Class Members were **often** expected and required to continue working through rest periods to meet the expectations [of] Defendants and finish the workday." (Ex. A, Complaint, ¶ 36) (emphasis added).  Plaintiff claims that "the Class Members were not compensated with one hour's worth of pay at their regular rate of compensation when they were not provided with a compliant rest period in accordance with Labor Code section 226.7 subdivision (c)." *Id.*, ¶ 38.

36.    As for meal periods, Plaintiff's Complaint alleges that "[a]s a result of Defendants' **uniform meal period policies and practices,** the Class Members were **often** not permitted to take compliant first meal periods before the end of the fifth hour of work."  (Ex. A, Complaint, ¶ 44) (emphasis added).  Plaintiff claims that Defendants "failed to pay the Class Members applicable meal period premiums for many workdays that the employees did not receive a compliant meal period." *Id.*, ¶ 46.

37.    The statute of limitations for recovery for meal or rest period premium pay under California Labor Code section 226.7 pay is three years.  *Murphy v. Kenneth Cole Prods.*, Inc., 40 Cal. 4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code section 226.7 constitutes a wage or premium pay and is governed by a three-year statute of limitations.").  However, Plaintiff alleges a claim for meal and rest break premiums pay as part of his unfair competition claim under Business and Professions Code section 17200, *et seq.*  (Ex. A, Complaint, ¶ 114.)  Although Defendants contend that meal and rest break premium pay cannot be recovered under Business and Professions Code section 17200 (*Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1401 (2010)), according to the allegations of Plaintiff's Complaint, the four-year statute of limitations applies for purposes of removal.  Cal. Bus. & Prof. Code § 17208.  Thus, for determining the amount in controversy, the four-year statute of limitations applies.

38.    Plaintiff is silent as to the amount of alleged meal periods or rest periods he claims to have been denied, thereby precluding precise estimates of the amount in controversy.  Because Plaintiff alleges that Defendants **often** failed to provide the putative class with all meal periods and rest periods (Ex. A, Complaint, ¶¶ 36, 44), the Complaint arguably contemplates a 100% violation rate for the meal period and rest period claims.  Accordingly, a 100% violation rate can properly be assumed for purposes of calculating the amount in controversy of Plaintiff's meal and rest period claims.  *See Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc.*, 482 U.S. at 392 (finding a 100 percent violation rate appropriate when "plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%").

39.    While Defendants are entitled to assume a 100 percent violation rate (*i.e.*, five missed meal periods and five missed rest periods per workweek) based on the allegations in the Complaint, Defendants will conservatively assume that putative class members were not provided **one meal period and one rest period each workweek**. Where Plaintiff has alleged a policy and practice of meal and rest period violations, it is reasonable to assume that there at least one meal period and one rest period violation each week for every employee.  Indeed, district courts have consistently upheld even higher assumptions of meal period and rest period violations as plausible for purposes of determining the amount in controversy.  *See, e.g.*, *Wheatley*, 2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) (finding an estimate of five meal period and three rest break violations per week reasonable where Plaintiff alleged a "a policy and practice" of meal and rest break violations); *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151 (S.D. Cal. 2018) ("Defendant conservatively assumed the putative class members were not provided … three of ten rest periods they were entitled to receive each work week, even though assumption of a 100 percent violation rate may have been reasonable based on allegations in the Complaint. The Court therefore finds Defendant's assumed violation rates reasonable"); *Agredano v. Sw. Water Co.*, 2017 WL 2985395, at *6 (C.D. Cal. May 30, 2017) ("Plaintiff further alleges that Defendants 'routinely' and 'consistently' failed to

14

84009708v.4

provide him and the putative class members with the required 30–minute lunch break periods.  Plaintiff does not limit the number of violations alleged in his Complaint, nor has he offered any evidence that he or other putative class members missed fewer than five legally required meal breaks per week. Thus, the Court finds that 'Plaintiff's own complaint alleges universal violations of meal ... period laws' such that Defendants' 'use of a 100% violation rate [five missed meal periods] is proper.'"); *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (finding an estimate of five missed rest periods a week reasonable where plaintiff alleged that defendant maintained "policies, practices and procedures that caused the purported violations. . ."); *Lopez v. Aerotek, Inc.*,  2015 WL 2342558, at *2 (C.D. Cal. May 14, 2015) (finding defendant's estimate of five meal period and five rest period violations was reasonable); *Coleman v. Estes Express Lines*, Inc., 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate," i.e., 5 missed meal periods and five missed rest breaks per week).  *Accord Arias*, 936 F.3d at 926 (holding that "Marriott's assumptions are plausible" where it assumed "one missed rest break" as the "lowest assumed violation rate").

40.    As stated above, during the relevant time period identified in the Complaint, ABC employed approximately 4,998 non-exempt hourly employees in California, who worked a total of approximately 411,297 workweeks.  (Tynan Decl., ¶¶ 8, 10.)  The average hourly rate of pay for these individuals is approximately $20.46.  (Tynan Decl., ¶ 9.)

41.    Although Defendants deny that Plaintiff (or any putative class member) is entitled to any meal or rest period premium payments, assuming **just one meal period violation per week** for each putative class member, the amount in controversy for the meal period claim alone would be approximately **$6,350,988.60** [(310,410 workweeks) × ($20.46 per hour) × (1 premium payment per week)].  Assuming **just one rest period violation per week** for each putative class member, the amount in controversy for the

15

rest period claim alone would also be approximately **$6,350,988.60** [(310,410 workweeks) × ($20.46 per hour) × (1 premium payment per week)].  Accordingly, the amount in controversy on Plaintiff's meal and rest period claims when assuming just one meal and rest period violation per week is approximately **$12,701,977.20**.

### 2.    Waiting Time Penalties

42.    Plaintiff's Complaint also alleges that Defendants failed to timely pay wages due, in violation of California Labor Code §§ 201-203.  Plaintiff alleges that "[d]ue to Defendants' faulty pay policies, those Class Members whose employment with Defendants concluded were not compensated for each and every hour worked at the appropriate rate."  (Ex. A, Complaint, ¶ 51.) Plaintiff bases this claim, among other things, on the failure to pay meal and rest period premiums.  (*Id.*, ¶ 51.)

43.    On these grounds, Plaintiff seeks "waiting time penalties" under California Labor Code § 203.  (Ex. A, Complaint, ¶ 103.)  Under California Labor Code § 203, a discharged employee is entitled to penalties of up to 30 days' pay at his or her regular pay.  *See* Cal. Lab. Code § 203(a) ("If an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days").

44.    The statute of limitations period for California Labor Code § 203 penalties extends back only three years from the date of filing of the complaint, or May 4, 2019.  *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1399 (2010) ("if an employer failed to timely pay final wages to an employee who quit or was fired, the employee would have had one year to sue for the section 203 penalties but, under Code of Civil Procedure section 338, subdivision (a) (Stats.1935, ch. 581, § 1, p. 1673), three years to sue for the unpaid final wages giving rise to the penalty").

45.    It is also reasonable to assume that each employee waited over 30 days for payment of any allegedly unpaid wages.  *See Tajonar v. Echosphere*, LLC, 2015 WL 4064642, at *4-5 (S.D. Cal. July 2, 2015) (finding reasonable the defendant-employer's

16

84009708v.4

assumption that each employee was entitled to the maximum thirty-day penalty); *Byrd v. Masonite Corp.*, 2016 WL 2593912, at *3 (C.D. Cal. May 5, 2016) ("[I]t is not unreasonable for [defendant] to assume that each employee would be entitled to the maximum wage penalty – thirty days – for waiting time violations"). *See also* Ex. A, Complaint, ¶ 102 (claiming that Defendants "have failed to pay those sums for thirty days thereafter as required by Labor Code sections 201 through 203.")

46.     During the relevant three-year time period for waiting time penalties, from May 4, 2019 to the present, there were a total of approximately 2,337 non-exempt hourly employees who were terminated from employment with ABC in California.  (Tynan Decl., ¶ 11.)

47.     Although Defendants dispute liability, a reasonable estimate of the amount in controversy for waiting time penalties is **$11,475,604.80** [$20.46/hour × 8 hours/day × 30 days × 2,337 former hourly employees].

### 3.     Wage Statement Penalties

48.     Plaintiff's Complaint alleges that "Defendants issued and continues to issue wage statements to its non-exempt employees including Plaintiff and the other Class members that are inadequate under Labor Code Section 226, subdivision (a).  (Ex. A, Complaint, ¶ 110.) Based on this alleged violation, Plaintiff claims that "Plaintiff and the other Class Members are **each** entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per **each** Class Member. (*Id.*, ¶ 112) (emphasis added).

49.     Labor Code § 226(e) provides a minimum of $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per employee.  The statute of limitations for recovery of penalties under Labor Code § 226 is one year.  *Caliber Bodyworks, Inc. v. Sup. Ct*., 134 Cal. App. 4th 365, 376 (2005); Cal. Civ. Proc. Code § 340(a).  Plaintiff filed his Complaint on November 2, 2021.  Therefore, the statutory period for a claim under California Labor Code § 226 runs from November 2, 2020 to the present.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

84009708v.4

50.     Most non-exempt employees are paid weekly.  (Tynan Decl., ¶ 12.)

51.     During the period of May 4, 2021, there were approximately 2,935 hourly, non-exempt employees who worked for Defendants, who worked approximately 109,568 pay periods during this time period.  (Tynan Decl., ¶ 12.)  The amount in controversy for Plaintiff's wage statement claim is **$8,367,600**.  (*Id.*)

### 4.     Approximate Aggregate Amount In Controversy

52.     Although Defendants deny Plaintiff's allegations that he or the putative class are entitled to any relief for the above-mentioned claims, based on the forgoing calculations, the aggregate amount in controversy for the putative class for all asserted claims, exclusive of attorneys' fees, is approximately **$32,545,182**, calculated as follows:

| | |
|---|---|
| **$6,350,988.60** | Meal Period Claim (Assuming Just 1 Meal Period Violation Per Workweek) |
| **$6,350,988.60** | Rest Period Claim (Assuming Just 1 Rest Period Violation Per Workweek) |
| $**11,475,604.80** | Waiting Time Penalties |
| **$8,367,600** | Wage Statement Penalties |

53.     The figures above do not take into account Plaintiff's claim for unpaid minimum wages, unpaid overtime wages, unreimbursed business expenses, or attorneys' fees and costs.

### 5.     Attorneys' Fees

54.     Plaintiff also seeks attorneys' fees.  (Ex. A, Complaint, Prayer for Relief.) Requests for attorneys' fees must also be taken into account in ascertaining the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to

resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy").

55.    A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy.  *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (*citing Brady*, 243 F. Supp. 2d at 1010-11); *Muniz*, 2007 WL 1302504 at *4 (attorneys' fees appropriately included in determining amount in controversy).

56.    In a recent decision, the Ninth Circuit held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."  *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal).  Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403 (C.D. Cal. May 9, 2018) (holding that "unaccrued post-removal attorneys' fees can be factored into the amount in controversy" for CAFA jurisdiction).

57.    Indeed, the Ninth Circuit again very recently explicitly confirmed that "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy," including in the context of determining CAFA jurisdiction and as a "principle[] that appl[ies] in CAFA removal cases."  *Arias*, 936 F.3d at 922.

58.    In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the

"percentage of fund" calculation and courts may depart from this benchmark when warranted.  *See, e.g.*, *Wheatley*, 2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) (finding that an estimate of attorney's fees of 25% reasonable); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) ("[T]the 25% benchmark provides a non-speculative guidepost for assessing jurisdiction."); *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach"); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at *78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 U.S. Dist. LEXIS 86920 at *16-18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Secs. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25 percent of the common fund).  Even under the conservative benchmark of 25 percent of the total amount in controversy for Plaintiff's claims, attorneys' fees alone would be upward of **$8,136,295.50** in this case [$32,545,182 amount in controversy × 0.25].

59.    Although Defendants deny Plaintiff's allegations that he or the putative class are entitled to any relief, based on Plaintiff's allegations and prayer for relief, and a conservative estimate based on those allegations, the total amount in controversy is at least **$40,681,477.50**, including attorneys' fees.  This total amount in controversy far exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2) for removal jurisdiction.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

84009708v.4

60.     Accordingly, because diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section 1332(d)(2).  This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. section 1441(a).

61.     To the extent that Plaintiff has alleged any other claims for relief in the Complaint over which this Court would not have original jurisdiction under 28 U.S.C. section 1332(d), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. section 1367(a).

**IV.    VENUE**

62.     Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1391(a), 1441, and 84(a).  This action originally was brought in Riverside County Superior Court of the State of California, which is located within the Central District of California.  28 U.S.C. § 84(a).  Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

63.     A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Riverside County Superior Court of the State of California as required under 28 U.S.C. § 1446(d).

**V.     NOTICE TO STATE COURT AND TO PLAINTIFF**

64.     Defendants will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in the County of Riverside.  The Notice of Removal is concurrently being served on all parties.

**VI.    PRAYER FOR REMOVAL**

65.     WHEREFORE, Defendants pray that this civil action be removed from Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

84009708v.4

1

2   DATED: June 6, 2022                              Respectfully submitted,

3                                                    SEYFARTH SHAW LLP

4                                                    By:   /s/ Daniel Whang
                                                          Daniel C. Whang
5                                                         Attorneys for Defendants The
                                                          American Bottling Company; Dr
6                                                         Pepper/Seven Up, Inc.; and Keurig Dr
                                                          Pepper Inc.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

84009708v.4

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 05/04/2022 03:59 PM
Case Number CVRI2201797 0000020329761 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Stephanie Anderson, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE AMERICAN BOTTLING COMPANY, a Delaware corporation; DR PEPPER/SEVEN UP, INC.,
a Delaware corporation; KEURIG DR PEPPER INC., a Delaware corporation; and DOES 1 TO 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SAMUAL RYCIAK, an individual, on behalf of himself and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Riverside County Superior Court<br>*(El nombre y dirección de la corte es):* Riverside Historic Courthouse<br>4050 Main Street<br>Riverside CA 92501 | CASE NUMBER: *(Número del Caso):*<br>CVRI 2201797 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Melmed, 1801 Century Park East, Suite 850, Los Angeles, CA 90067; (310) 824-3828; (310) 862-6851

| | | |
|---|---|---|
| DATE: May 4, 2022<br>*(Fecha)* | Clerk, by _____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Keurig Dr Pepper Inc a Delaware Corporation

under: ☒ CCP 416.10 (corporation)
☐ CCP 416.20 (defunct corporation)
☐ CCP 416.40 (association or partnership)
☐ other *(specify):*
☐ CCP 416.60 (minor)
☐ CCP 416.70 (conservatee)
☐ CCP 416.90 (authorized person)

4. ☒ by personal delivery on *(date):*

[SEAL] GC68150(q)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| MELMED LAW GROUP P.C.<br>Jonathan Melmed (SBN 290218); Laura Supanich (SBN 314805)<br>1801 Century Park East, Suite 850, Los Angeles, CA 90067 | |
| TELEPHONE NO.: (310) 824-3828   FAX NO. *(Optional):* (310) 862-6851 | |
| ATTORNEY FOR *(Name):* Plaintiff Samual Ryciak | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Riverside**

STREET ADDRESS: 4050 Main Street

Electronically FILED by Superior Court of California, County of Riverside on 05/04/2022 03:59 PM
Case Number CVRI2201797 0000020329763 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Stephanie Anderson, Clerk

MAILING ADDRESS: 4050 Main Street

CITY AND ZIP CODE: Riverside, CA 92501

BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Samual Ryciak v. The American Bottling Company, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CVRI2201797 |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 10
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 4, 2022

Jonathan Melmed
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                          CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Electronically FILED by Superior Court of California, County of Riverside on 05/04/2022 03:59 PM
Case Number CVRI2201797 0000020329760 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Stephanie Anderson, Clerk

**MELMED LAW GROUP P.C.**
Jonathan Melmed (SBN 290218)
jm@melmedlaw.com
Laura Supanich (SBN 314805)
lms@melmedlaw.com
Krikor Kouyoumdjian (SBN 336148)
krikor@melmedlaw.com
1801 Century Park East, Suite 850
Los Angeles, California 90067
Phone: (310) 824-3828
Fax: (310) 862-6851

**BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour (SBN 285256)
mehrdad@bokhourlaw.com
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Phone: (310) 975-1493
Fax: (310) 675-0861

Attorneys for Plaintiff and the Putative Class

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| SAMUAL RYCIAK, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>THE AMERICAN BOTTLING COMPANY, a Delaware corporation; DR PEPPER/SEVEN UP, INC., a Delaware corporation; KEURIG DR PEPPER INC., a Delaware corporation; and DOES 1 TO 50,<br><br>    Defendants. | Case Number: CVRI2201797<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay All Minimum Wages,<br>2. Failure to Pay All Overtime Wages,<br>3. Failure to Provide Rest Periods and Pay Missed Rest Period Premiums,<br>4. Failure to Provide Meal Periods and Pay Missed Meal Period Premiums,<br>5. Failure to Maintain Accurate Employment Records,<br>6. Failure to Pay Wages Timely during Employment,<br>7. Failure to Pay All Wages Earned and Unpaid at Separation,<br>8. Failure to Indemnify All Necessary Business Expenditures,<br>9. Failure to Furnish Accurate Itemized Wage Statements, and<br>10. Violations of California's Unfair Competition Law (Bus. & Prof. Code, §§ 17200–17210).<br><br>**Demand for Jury Trial** |

1    Plaintiff Samual Ryciak ("Plaintiff"), on behalf of himself and all other similarly situated

2    employees within the State of California, complains and alleges of defendants The American Bottling

3    Company, Dr Pepper/Seven Up, Inc., Keurig Dr Pepper Inc., and Does 1 to 50 (collectively,

4    "Defendants"), and each of them, as follows:

5    **I.**    **INTRODUCTION**

6    1.    This is a class action complaint brought pursuant to California Code of Civil Procedure

7    section 382.

8    2.    The "Class Period" as used herein, is defined as the period from four years prior to the

9    filing of this action and continuing into the present and ongoing. Defendants' violations of California's

10    laws as described more fully below have been ongoing throughout the Class Period and are still

11    ongoing.

12    3.    Plaintiff brings this class action on behalf of himself and the following class: *All*

13    *individuals who are or were employed by Defendants as non-exempt employees in California during*

14    *the Class Period* (the "Class Members"). (Code Civ. Proc., § 382.)

15    4.    Plaintiff brings this action on behalf of himself and the Class Members, as a class action,

16    against Defendants for:

17        A.    Failure to pay all minimum wages,

18        B.    Failure to pay all overtime wages,

19        C.    Failure to provide rest periods and pay missed rest period premiums,

20        D.    Failure to provide meal periods and pay missed meal period premiums,

21        E.    Failure to maintain accurate employment records,

22        F.    Failure to pay wages timely during employment,

23        G.    Failure to pay all wages earned and unpaid at separation,

24        H.    Failure to indemnify all necessary business expenditures,

25        I.    Failure to furnish accurate itemized wage statements, and

26        J.    Violations of California's Unfair Competition Law ("UCL") (Bus. & Prof.

27    Code, §§ 17200–17210).

28    ///

CLASS ACTION COMPLAINT

1    5.    Plaintiff is informed and believes and thereon alleges that the California Industrial
2    Welfare Commission ("IWC") Wage Orders applicable to the facts of this case are IWC Wage Orders
3    1-2001, 7-2001, and/or 17-2001 (the "Applicable Wage Orders") and possibly others that may be
4    applicable. (Cal. Code of Regs., tit. 8, §§ 11010, 11070, 11170.) Plaintiff reserves the right to amend
5    or modify the definition of "Applicable Wage Orders" with greater specificity or add additional IWC
6    Wage Orders if additional applicable wage orders are discovered in litigation.

7    **II.    JURISDICTION & VENUE**

8    6.    This Court has subject matter jurisdiction over all causes of action asserted herein
9    pursuant to Article VI, section 10, of the California Constitution and Code of Civil Procedure section
10   410.10 because this is a civil action in which the matter in controversy, exclusive of interest, exceeds
11   $25,000, and because each cause of action asserted arises under the laws of the State of California or
12   is subject to adjudication in the courts of the State of California.

13   7.    This Court has personal jurisdiction over Defendants because Defendants have caused
14   injuries in the County of Riverside and the State of California through their acts, and by their violation
15   of the California Labor Code and California state common law. Defendants transact millions of dollars
16   of business within the State of California. Defendants own, maintain offices, transact business, have
17   an agent or agents within the County of Riverside, and/or otherwise are found within the County of
18   Riverside, and Defendants are within the jurisdiction of this Court for purposes of service of process.

19   8.    Venue as to Defendants is proper in this judicial district, pursuant to section 395 of the
20   Code of Civil Procedure. Defendants operate within California and do business within Riverside
21   County, California. The unlawful acts alleged herein have a direct effect on Plaintiff and all of
22   Defendants' employees identified above within Riverside County and surrounding counties where
23   Defendants may remotely operate.

24   9.    This matter is not appropriate for removal under the Class Action Fairness Act (28
25   U.S.C. § 1332) as the amount in controversy for Plaintiff's and the Class Members' claims, in
26   aggregate, is less than $5 million. Additionally, all the allegations herein occurred in the State of
27   California. As such, even if the amount in controversy did exceed $5 million this matter would still
28   not be appropriate for removal under the "local controversy" exception to the Class Action Fairness

1  Act. (28 U.S.C. § 1332, subd. (d)(4)(A).)

2  **III.    THE PARTIES**

3      **A.    PLAINTIFF**

4      10.    At all relevant times, Plaintiff, who is over the age of 18, was and currently is a citizen

5  of California residing in the State of California.  Defendants employed Plaintiff as a non-exempt hourly

6  employee in the County of Riverside.

7      11.    Plaintiff brings this action on behalf of himself and the following class pursuant to

8  section 382 of the Code of Civil Procedure as follows: *All individuals who are or were employed by*

9  *Defendants as non-exempt employees in California during the Class Period* (the "Class Members").

10      12.    The Class Members, at all times pertinent hereto, are or were employees of Defendants

11  during the relevant statutory period.

12      **B.    DEFENDANTS**

13      13.    Plaintiff is informed and believes and thereon alleges that Defendants were authorized

14  to and doing business in Riverside County and is and/or was the legal employer of Plaintiff and the

15  other Class Members during the applicable statutory periods.  Plaintiff and the other Class Members

16  were, and are, subject to Defendants' policies and/or practices complained of herein and have been

17  deprived of the rights guaranteed to them by: California Labor Code sections 201, 202, 203, 204, 210,

18  226, 226.3, 226.7, 256, 510, 512, 1174, 1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802,

19  2804, and others that may be applicable; California Business and Professions Code sections 17200

20  through 17210 ("UCL"); and the Applicable Wage Orders (Cal. Code of Regs., tit. 8, §§ 11010, 11070,

21  11170).

22      14.    Plaintiff is informed and believes, and based thereon alleges, that during the Class

23  Period, Defendants did (and continue to do) business in the State of California, County of Riverside.

24      15.    Plaintiff does not know the true names or capacities, whether individual, partner, or

25  corporate, of the defendants sued herein as Does 1 to 50, inclusive, and for that reason, said defendants

26  are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this

27  complaint when such true names and capacities are discovered.  Plaintiff is informed, and believes, and

28  thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were

1   responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff

2   and the other Class Members to be subject to the unlawful employment practices, wrongs, injuries, and

3   damages complained of herein.

4       16.    Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned

5   herein, Defendants were and/or are the employers of Plaintiff and the other Class Members.  At all

6   times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged

7   to have been done by the named Defendants.  Furthermore, the Defendants, and each of them, were the

8   agents, servants, and employees of each and every one of the other Defendants, as well as the agents

9   of all Defendants, and at all times herein mentioned were acting within the course and scope of said

10  agency and employment.  Defendants, and each of them, approved of, condoned, or otherwise ratified

11  every one of the acts or omissions complained of herein.

12      17.    At all relevant times, Defendants, and each of them, were members of and engaged in a

13  joint venture, partnership, and common enterprise, and acting within the course and scope of and in

14  pursuance of said joint venture, partnership, and common enterprise.  Further, Plaintiff is informed,

15  and believes, and thereon alleges, that all Defendants were joint employers for all purposes of Plaintiff

16  and the other Class Members.

17  **IV.    COMMON FACTS & ALLEGATIONS**

18      18.    Plaintiff and the other Class Members (collectively, the "Class Members") are, and were

19  at all relevant times, employed by the Defendants within the State of California.

20      19.    The Class Members are, and were, at all relevant times, non-exempt employees for the

21  purposes of minimum wages, overtime, rest breaks, meal periods, and the other claims alleged in this

22  complaint.

23      20.    Specifically, Plaintiff was employed by Defendants within the statutory Class Period,

24  working as an hourly, non-exempt order selector for Defendants.  Plaintiff's duties included Operating

25  jack pallet, moving, organizing, wrapping, and loading merchandise, unloading merchandise.

26  **A.    MINIMUM WAGE VIOLATIONS**

27      21.    Labor Code section 1197 requires employees to be paid at least the minimum wage fixed

28  by the IWC, and any payment of less than the minimum wage is unlawful.  Similarly, Labor Code

section 1194 entitles "any employee receiving less than the legal minimum wage . . . to recover in a civil action the unpaid balance of the full amount of this minimum wage." Likewise, the Applicable Wage Orders also obligate employers to pay each employee minimum wages for all hours worked. (Cal. Code of Regs., tit. 8, §§ 11010, 11070, 11170.) Labor Code section 1198 makes unlawful the employment of an employee under conditions that the IWC Wage Orders prohibit.

22. These minimum wage standards apply to each hour that employees work. Therefore, an employer's failure to pay for any particular time worked by an employee is unlawful, even if averaging an employee's total pay over all hours worked, paid or not, results in an average hourly wage above minimum wage. (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.)

23. Here, Defendants failed to fully conform their pay practices to the requirements of the law during the relevant statutory periods. The Class Members were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and the Applicable Wage Orders. Among other violations, the Class Members were subject to the control of Defendants while off-the-clock and did not receive minimum wage for each hour worked.

24. Labor Code sections 1194, subdivision (a), and 1194.2, subdivision (a), provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

25. When employees, such as the Class Members, are not paid for all hours worked under Labor Code section 1194, they are entitled to recover minimum wages for the time which they received no compensation. (See *Sillah v. Command International Security Services* (N.D. Cal. 2015) 154 F.Supp.3d 891 [employees suing for failure to pay overtime could recover liquidated damages under Labor Code section 1194.2 if they also showed they were paid less than minimum wage].)

26. Labor Code section 1197.1 authorizes employees who are paid less than the minimum wage fixed by an applicable state or local law, or by an order of the IWC, a civil penalty, among other damages, as follows:

///

(1)    "For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid."

(2)    "For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed." (Lab. Code, § 1197.1, subd. (a).)

27.    As set forth above, Defendants failed to fully compensate the Class Members for all minimum wages. Accordingly, the Class Members are entitled to recover liquidated damages for violations of Labor Code section 1197.1.

28.    Based upon these same factual allegations, the Class Members are likewise entitled to penalties under Labor Code sections 1199.

**B.    OVERTIME VIOLATIONS**

29.    Labor Code section 510 requires employers to compensate employees who work more than eight hours in one workday, forty hours in a workweek, and for the first eight hours worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee. (Lab. Code, § 510, subd. (a).) Further, Labor Code section 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve hours in a day or more than eight hours on the seventh consecutive day of work. (Lab. Code, § 510, subd. (a).) These rules are also reflected in the Applicable Wage Orders.

30.    In accordance with Labor Code section 1194 and the Applicable Wage Orders, the Class Members could not then agree and cannot now agree to work for a lesser wage than the amount provided by Labor Code sections 510 or the Applicable Wage Orders.

31.    Here, Defendants violated their duty to accurately and completely compensate the Class Members for all overtime worked. The Class Members periodically worked hours that entitled them to overtime compensation under the law but were not fully compensated for those hours.

///

CLASS ACTION COMPLAINT

32.     These actions were and are in clear violation of California's overtime laws as set forth in Labor Code sections 510, 1194, 1199, and the Applicable Wage Orders. (Cal. Code of Regs., tit. 8, §§ 11010, 11070, 11170.) As a result of Defendants' faulty policies and practices, the Class Members were not compensated for all hours worked or paid accurate overtime compensation.

**C.     REST BREAK VIOLATIONS**

33.     Pursuant to Labor Code section 226.7 and the Applicable Wage Orders, Defendants were and are required to provide the Class Members with compensated, duty-free rest periods of not less than ten minutes for every major fraction of four hours worked. Under the Applicable Wage Orders, an employer must authorize and permit all employees to take ten-minute duty-free rest periods for every major fraction of four hours worked. (Cal. Code of Regs., tit. 8, §§ 11010, 11070, 11170.)

34.     Likewise, Labor Code section 226.7 provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission . . . ." (Lab. Code, § 226.7, subd. (b).) Labor Code section 226.7 also provides that employers must pay their employees one additional hour of pay at the employee's regular rate for each workday that a "meal or rest or recovery period is not provided." (Lab. Code, § 226.7, subd. (c).) The "regular rate" for these purposes must factor in all nondiscretionary payments for work performed by the employee, including non-discretionary bonuses, commissions, and other forms of wage payments exceeding the employees' base hourly rate. (*Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858, 878.) Thus, the Wage Orders set when and for how long the rest period must take place and the Labor Code establishes that violations of the IWC Wage Orders are unlawful and sets forth the premium pay employer must pay their employees when employers fail to provide rest periods.

35.     The California Supreme Court has held that, during required rest periods, "employers must relieve their employees of all duties and relinquish any control over how employees spend their break time." (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 260.) Relinquishing control over employees during rest periods requires that employees be "free to leave the employer's premises" and be "permitted to attend to personal business." (*Id.* at p. 275.) The *Brinker* Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful

1 | policy:

2 |     "An employer is required to authorize and permit the amount of rest break time

3 |     called for under the wage order for its industry. If it does not—if, for example,

4 |     it adopts a uniform policy authorizing and permitting only one rest break for

5 |     employees working a seven-hour shift when two are required—it has violated

6 |     the wage order and is liable." (*Brinker Rest. Corp. v. Superior Court* (2012) 53

7 |     Cal.4th 1004, 1033.)

8 |       36.    Here, Defendants periodically did not permit the Class Members to take compliant duty-

9 | free rest breaks, free from Defendants' control as required by Labor Code section 226.7, the Applicable

10 | Wage Orders, and applicable precedent. (See *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th

11 | 257, 269 [concluding that "during rest periods employers must relieve employees of all duties and

12 | relinquish control over how employees spend their time."].) At all relevant times, the Class Members

13 | were periodically not provided with legally-compliant and timely rest periods of at least ten minutes

14 | for each four hour work period, or major fraction thereof due to Defendants' unlawful rest period

15 | policies/practices. The Class Members were often expected and required to continue working through

16 | rest periods to meet the expectations Defendants and finish the workday. In some cases when the Class

17 | Members worked more than ten hours in a shift, Defendants failed to authorize and/or permit a third

18 | mandated rest period. As a result, the Class Members were periodically unable to take compliant rest

19 | periods.

20 |       37.    In such cases where Defendants did not offer the Class Members the opportunity to

21 | receive a compliant off-duty rest period, "the court may not conclude employees voluntarily chose to

22 | skip those breaks." (*Alberts v. Aurora Behavioral Health Care* (2015) 241 Cal.App.4th 388, 410

23 | (2015) ["If an employer fails to provide legally compliant meal or rest breaks, the court may not

24 | conclude employees voluntarily chose to skip those breaks."]; *Brinker Rest. Corp. v. Superior Court*,

25 | *supra*, 53 Cal.4th at p. 1033 ["No issue of waiver ever arises for a rest break that was required by law

26 | but never authorized; if a break is not authorized, an employee has no opportunity to decline to take

27 | it."].)

28 | ///

38.     In addition to failing to authorize and permit compliant rest periods, the Class Members were not compensated with one hour's worth of pay at their regular rate of compensation when they were not provided with a compliant rest period in accordance with Labor Code section 226.7, subdivision (c).  Thus, Defendants have violated Labor Code section 226.7 and the Applicable Wage Orders.

39.     Based on the foregoing, Plaintiff seeks to recover, on behalf of himself and other non-exempt employees, rest period premiums and penalties.

**D.     MEAL BREAK VIOLATIONS**

40.     Labor Code section 512 and the Applicable Wage Orders require employers to provide employees with a thirty-minute uninterrupted and duty-free meal period within the first five hours of work.  (Lab. Code, § 512, subd. (a) ["An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . ."]; Cal. Code of Regs., tit. 8, §§ 11010, 11070, 11170 ["No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . . ."].)  Additionally, an employee who works more than ten hours per day is entitled to receive a second thirty-minute uninterrupted and duty-free meal period.  (Lab. Code, § 512, subd. (a) ["An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."].)

41.     "An on-duty meal period is permitted only when the nature of the work prevents an employee from being relieved of all duty and the parties agree in writing to an on-duty paid meal break." (*Lubin v. The Wackenhut Corp.* (2016) 5 Cal.App.5th 926, 932.)  The written agreement must include a provision allowing the employee to revoke it at any time.  (*Ibid.*)  Generally, the California Department of Industrial Relations, Division of Labor Standards Enforcement ("DLSE") and courts have "found that the nature of the work exception applies: (1) where the work has some particular external force that requires the employee to be on duty at all times, and (2) where the employee is the sole employee of a particular employer." (*Id.* at p. 945, internal quotation marks omitted; *Abdullah v. U.S. Security Associates, Inc.* (9th Cir. 2013) 731 F.3d 952, 958–959.)  "[I]t is the employer's obligation to determine whether the nature of the work prevents an employee from being relieved before requiring

10

1   an employee to take an on-duty meal period." (*Lubin v. The Wackenhut Corp.*, *supra*, 5 Cal.App.5th

2   at p. 946.)

3       42.     Here, the Class Members were never asked to sign any enforceable document agreeing

4   to an on-duty meal period.  Moreover, nothing in the nature of their work involved the kind of "external

5   force" that might justify on-duty meal breaks. (*Lubin v. The Wackenhut Corp.*, *supra*, 5 Cal.App.5th

6   at p. 945.)  Nevertheless, Defendants periodically did not provide compliant off-duty meal periods

7   within the first five hours of work for the Class Members.

8       43.     As with rest breaks, meal breaks must be duty-free. (*Brinker Restaurant Corp. v.*

9   *Superior Court* (2012) 53 Cal.4th 1004, 1035 ["The IWC's wage orders have long made a meal period's

10   duty-free nature its defining characteristic."].)  Relinquishing control over employees during meal

11   periods requires that employees be "free to leave the employer's premises" and be "permitted to attend

12   to personal business." (*Augustus v. ABM Security Services, Inc.*, *supra*, 2 Cal.5th at p. 275.)  Under

13   Labor Code section 512, if an employer maintains a uniform policy that does not authorize and permit

14   the amount of mealtime called for under the law (as specified in the Labor Code and/or applicable IWC

15   Wage Order), "it has violated the wage order and is liable." (*Brinker Restaurant Corp. v. Superior*

16   *Court*, *supra*, 53 Cal.4th at p. 1033.)

17       44.     During the applicable statutory periods here, the Class Members were periodically

18   denied legally-compliant and timely off-duty meal periods of at least thirty minutes due to Defendants'

19   unlawful meal period policy and practices.  As a result of Defendants' uniform meal period policies

20   and practices, the Class Members were often not permitted to take compliant first meal periods before

21   the end of the fifth hour of work.  The Class Members were also periodically not permitted to take

22   second meal periods for shifts in excess of ten hours.  Defendants thus violated Labor Code section

23   512 and the Applicable Wage Orders by failing to advise, authorize, or permit the Class Members to

24   receive thirty-minute, off-duty meal periods within the first five hours of their shifts.

25       45.     Labor Code section 226.7 provides that "[a]n employer shall not require an employee

26   to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or

27   applicable regulation, standard, or order of the Industrial Welfare Commission." (Lab. Code, § 226.7,

28   subd. (b).)  Labor Code section 226.7, subdivision (c), and the Applicable Wage Orders further obligate

employers to pay employees one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.  (Lab. Code, § 226.7, subd. (c); Cal. Code of Regs., tit. 8, §§ 11010, 11070, 11170 ["If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."].)  The "regular rate" for these purposes must factor in all nondiscretionary payments for work performed by the employee, including non-discretionary bonuses, commissions, and other forms of wage payments exceeding the employees' base hourly rate. (*Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858, 878.)

46.    Accordingly, for each day that the Class Members did not receive compliant meal periods, they were and are entitled to receive meal period premiums pursuant to Labor Code section 226.7 and the Applicable Wage Orders.  Defendants, however, failed to pay the Class Members applicable meal period premiums for many workdays that the employees did not receive a compliant meal period.  Thus, Defendants have violated Labor Code section 226.7 and the Applicable Wage Orders.

47.    Based on the foregoing, Plaintiff seeks to recover, on behalf of himself and other non-exempt employees, meal period premiums and penalties.

**E.    UNTIMELY WAGES DURING EMPLOYMENT**

48.    Labor Code section 204 expressly requires employers who pay employees on a weekly, biweekly, or semimonthly basis to pay all wages "not more than seven calendar days following the close of the payroll period."  Labor Code section 210, subdivision (a), makes employers who violate Labor Code section 204 subject to a penalty of:

"(1)    For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

"(2)    For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld." (Lab. Code, § 210, subd. (a).)

1    49.    Notably, the penalty provided by Labor Code section 210 is "[i]n addition to, and

2  entirely independent and apart from, any other penalty provided in this article . . . ." (Lab. Code, § 210,

3  subd. (a).)

4    50.    Due to Defendants' failure to pay the Class Members the wages described above, along

5  with rest and meal break premiums, Defendants failed to timely pay the Class Members within seven

6  calendar days following the close of payroll in accordance with Labor Code section 204 on a regular

7  and consistent basis.  (See *Parson v. Golden State FC, LLC* (N.D. Cal., May 2, 2016, No. 16-CV-

8  00405-JST) 2016 WL 1734010, at p. *3–5, 2016 U.S. Dist. LEXIS 58299 [finding that a failure to pay

9  rest period premiums can support claims under Labor Code sections 203 and 204].)

10    **F.    UNTIMELY WAGES AT SEPARATION**

11    51.    Labor Code section 203 provides "if an employer willfully fails to pay . . . any wages

12  of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty"

13  for up to thirty days.  (Lab. Code § 203; *Mamika v. Barca* (1998) 68 Cal.App.4th 487, 492.)  As a result

14  of Defendants' failure to pay the Class Members for the wages described above, along with rest and

15  meal break premiums, Defendants violated and continue to violate Labor Code section 203.

16    52.    Due to Defendants' faulty pay policies, those Class Members whose employment with

17  Defendants concluded were not compensated for each and every hour worked at the appropriate rate.

18  Defendants have failed to pay formerly-employed Class Members whose sums were certain at the time

19  of termination within at least seventy-two hours of their resignation and have failed to pay those sums

20  for thirty days thereafter.

21    **G.    FAILURE TO REIMBURSE BUSINESS EXPENSES**

22    53.    At all relevant times herein, Defendants were subject to Labor Code section 2802, which

23  states that "an employer shall indemnify his or her employees for all necessary expenditures or losses

24  incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her

25  obedience to the directions of the employer."  The purpose of this section is to "prevent employers

26  from passing along their operating expenses onto their employees." (*Gattuso v. Harte-Hanks Shoppers,*

27  *Inc.* (2007) 42 Cal.4th 554, 562.)

28  / / /

54.     At all relevant times herein, Defendants were subject to Labor Code section 2804, which states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

55.     Thus, the Class Members were and are entitled to reimbursement for the expenses they incurred during the course of their duties.  The duty to reimburse even extends to the use of equipment the employee may already own and would be required to pay for anyway.  (*Cochran v. Schwan's Home Serv., Inc.* (2014) 228 Cal.App.4th 1137, 1144 ["The threshold question in this case is this: Does an employer always have to reimburse an employee for the reasonable expense of the mandatory use of a personal cell phone, or is the reimbursement obligation limited to the situation in which the employee incurred an extra expense that he or she would not have otherwise incurred absent the job? The answer is that reimbursement is always required. Otherwise, the employer would receive a windfall because it would be passing its operating expenses on to the employee."].)

56.     Here, Defendants failed to fully reimburse the Class Members for necessary expenditures incurred as a direct consequence and requirement of performing their job duties, including the costs associated with their personal cell phone they required to perform their work.  Consequently, Defendants failed to comply with Labor Code section 2802.

**H.     WAGE STATEMENT VIOLATIONS**

57.     Defendants also failed to provide accurate itemized wage statements in accordance with Labor Code sections 226, subdivisions (a)(1), (2), (5), and (9).  Labor Code section 226, subdivision (a), obligates employers, semi-monthly or at the time of each payment to furnish an itemized wage statement in writing showing:

(1)     The gross wages earned;

(2)     The total hours worked by the employee;

(3)     The number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis;

(4)     All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

14

1           (5)     The net wages earned;

2           (6)     The inclusive dates of the period for which the employee is paid;

3           (7)     The name of the employee and only the last four digits of his or her social

4                    security number or an employee identification number other than a social

5                    security number;

6           (8)     The name and address of the legal entity that is the employer; and

7           (9)     All applicable hourly rates in effect during the pay period and the

8                    corresponding number of hours worked at each hourly rate by the

9                    employee.

10      58.     Due to Defendants' failure to pay the Class Members properly as described above, the wage statements issued do not indicate the correct amount of gross wages earned, total hours worked, or the net wages earned, or the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.  Thus, Defendants have violated Labor Code section 226, subdivisions (a)(1), (2), (5), and (9).

59.     In addition to Labor Code section 226, subdivision (a), Defendants also knowingly and intentionally failed to provide the Class Members with accurate itemized wage statements in violation of Labor Code section 226, subdivision (e).  Defendants knew that they were not providing the Class Members with wage statements required by California law but nevertheless failed to correct their unlawful practices and policies. (See *Garnett v. ADT LLC* (E.D. Cal. 2015) 139 F.Supp.3d 1121, 1134 [finding the defendant knowingly and intentionally violated Labor Code section 226 because the "[d]efendant knew that it was not providing total hours worked to plaintiff or other employees paid on commission" even though it believed that employees paid solely on commission or commission and salary "are exempt and therefore we do not record hours on a wage statement."].)

## I.    RECORDKEEPING VIOLATIONS

60.     Labor Code section 226, subdivision (a), requires employers to keep an accurate record of, among other things, all hours worked by employees.  Labor Code section 226.3 provides, in pertinent part, as follows:

/ / /

1        "Any employer who violates subdivision (a) of Section 226 shall be subject to a

2        civil penalty in the amount of two hundred fifty dollars ($250) per employee per

3        violation in an initial citation and one thousand dollars ($1,000) per employee

4        for each violation in a subsequent citation, for which the employer fails to

5        provide the employee a wage deduction statement or fails to keep the records

6        required in subdivision (a) of Section 226.  The civil penalties provided for in

7        this section are in addition to any other penalty provided by law." (Lab. Code,

8        § 226.3, emphasis added.)

9     61.    Likewise, Labor Code section 1174, subdivision (d), requires every employer, including

10 Defendants, to:

11        "Keep, at a central location in the state or at the plants or establishments at which

12        employees are employed, payroll records showing the hours worked daily by

13        and the wages paid to, and the number of piece-rate units earned by and any

14        applicable piece rate paid to, employees employed at the respective plants or

15        establishments.  These records shall be kept in accordance with rules established

16        for this purpose by the commission, but in any case, shall be kept on file for not

17        less than three years.   An employer shall not prohibit an employee from

18        maintaining a personal record of hours worked, or, if paid on a piece-rate basis,

19        piece-rate units earned." (Lab. Code, § 1174, subd. (d), emphasis added.)

20     62.    As explained in detail above, Defendants failed to provide the Class Members with

21 accurate itemized wage statements.  Defendants did so, in part, because they failed to accurately track

22 hours worked by the Class Members.  Defendants have thus failed to keep accurate records of the "total

23 hours worked by the employee[s]" in violation of Labor Code section 226, subdivision (a), and are

24 therefore subject to the penalties provided by Labor Code section 226.3.  These penalties are "in

25 addition to any other penalty provided by law." (Lab. Code, § 226.3.)

26     63.    The failure to accurately track hours worked also resulted in a failure of Defendants to

27 keep a record of all "payroll records showing the hours worked daily by" Defendants' employees,

28 including Plaintiff and the other Class Members, in violation of Labor Code section 1174, subdivision

1 (d).

2 **V.     CLASS ACTION ALLEGATIONS**

3      64.     As mentioned above, Plaintiff brings this action on behalf of himself and the Class

4 Members pursuant to section 382 of the Code of Civil Procedure.

5      65.     **Numerosity/Ascertainability**: The Class Members are so numerous that joinder of all

6 members would be unfeasible and not practicable. The membership of the class is unknown to Plaintiff

7 at this time; however, it is estimated that the number of Class Members is greater than 100 individuals.

8 The identity of such membership is readily ascertainable via inspection of Defendants' employment

9 records.

10      66.     **Common Questions of Law and Fact Predominate/Well Defined Community of**

11 **Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated

12 non-exempt employees, which predominate over questions affecting only individual members

13 including, without limitation to:

14           A.      Whether Defendants' pay policies/practices resulted in a failure to pay the Class

15      Members for all hours worked, including all minimum wages;

16           B.      Whether Defendants' pay policies/practices resulted in a failure to pay the Class

17      Members for all required overtime wages at the Class Members' regular rate of pay;

18           C.      Whether Defendants' rest period policies and practices afforded legally

19      compliant rest periods or compensation in lieu thereof;

20           D.      Whether Defendants' meal period policies and practices afforded legally

21      compliant meal periods or compensation in lieu thereof;

22           E.      Whether Defendants maintained accurate employment records;

23           F.      Whether Defendants timely paid all wages during employment;

24           G.      Whether Defendants timely paid all wages earned and unpaid at separation;

25           H.      Whether Defendants indemnified their employees for all necessary business

26      expenditures;

27           I.      Whether Defendants furnished legally-compliant wage statements to the Class

28      Members pursuant to Labor Code section 226; and

1    J.  Whether Defendants' violations of the Labor Code and the Applicable Wage

2  Orders amounted to a violation of California's UCL.

3    67.  **Predominance of Common Questions**: Common questions of law and fact

4 predominate over questions that affect only individual Class Members. The common questions of law

5 set forth above are numerous and substantial and stem from Defendants' uniform policies and practices

6 applicable to each individual class member, such as Defendants' uniform policy and practice of failing

7 to pay for all hours worked, Defendants' uniform policies and practices which failed to provide

8 compliant rest periods, Defendants' uniform policies and practices which failed to provide compliant

9 meal periods, Defendants' failure to provide accurate itemized wage statements, and others. As such,

10 the common questions predominate over individual questions concerning each individual class

11 member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

12    68.  **Typicality**: The claims of Plaintiff are typical of the claims of the Class Members

13 because Plaintiff was employed by Defendants as a non-exempt employee in California during the

14 statute(s) of limitation applicable to each cause of action pleaded in this complaint. As alleged herein,

15 Plaintiff, like the other Class Members, was deprived of minimum, regular, and overtime wages

16 because of Defendants' unlawful timekeeping policies and practices, was deprived of rest periods and

17 premium wages in lieu thereof, was deprived of meal periods and premium wages in lieu thereof, was

18 subject to Defendants' uniform rest period policies and practices, was subject to Defendants' uniform

19 meal period policies and practices, was not provided accurate itemized wage statements, was not paid

20 all wages in full and on time, , and was subject to other similar policies and practices to which the Class

21 Members were subject.

22    69.  **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to

23 represent fairly and adequately the interests of the Class Members. Moreover, Plaintiff's attorneys are

24 ready, willing, and able to fully and adequately represent the Class Members and Plaintiff. Plaintiff's

25 attorneys have prosecuted numerous wage-and-hour class actions in state and federal court in the past

26 and are committed to vigorously prosecuting this action on behalf of the Class Members.

27    70.  **Superiority**: The California Labor Code is broadly remedial in nature and serves an

28 important public interest in establishing minimum working conditions and standards in California.

These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and the Class Members make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.

71.    Moreover, requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual Class Members against Defendants herein, and which would establish potentially incompatible standards of conduct for Defendants or legal determinations with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other Class Members not parties to adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests.

72.    Further, the claims of the individual Class Members are not sufficiently large to warrant vigorous individual prosecution considering the concomitant costs and expenses attending thereto. As such, the Class Members identified above are maintainable as a class under section 382 of the Code of Civil Procedure.

## VI.    CAUSES OF ACTION

### First Cause of Action

*Failure to Pay All Minimum Wages*

*(Against All Defendants)*

73.    Plaintiff realleges and incorporates by reference all previous paragraphs.

/ / /

74.     Section 4 of the Applicable Wage Orders and Labor Code section 1197 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law. (Lab. Code, § 1197; Cal. Code of Regs., tit. 8, §§ 11010, 11070, 11170.)  Labor Code sections 1194, subdivision (a), and 1194.2, subdivision (a), provide that an employee who has not been paid the legal minimum wage as required by Labor Code section 1197 may recover the unpaid balance, together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

75.     Here, Defendants failed to fully conform their pay practices to the requirements of the law during the relevant statutory periods.  Plaintiff and the other Class Members were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the Labor Code and the Applicable Wage Orders.

76.     Labor Code section 1198 makes unlawful the employment of an employee under conditions that the IWC Wage Orders prohibit.  Labor Code sections 1194, subdivision (a), and 1194.2, subdivision (a), provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

77.     As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the other Class Members have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief because of Defendants' violations of the Labor Code and Applicable Wage Orders.

78.     Defendants' practices and policies regarding illegal employee compensation are unlawful and create an entitlement to recovery by Plaintiff and the other Class Members in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, attorney' s fees, and costs of suit according to Labor Code sections 204, 218.5, 1194, 1194.2, 1197, and 1198, and Code of Civil Procedure section 1021.5.

/ / /

**Second Cause of Action**

*Failure to Pay All Overtime Wages*

*(Against All Defendants)*

79.     Plaintiff realleges and incorporates by reference all previous paragraphs.

80.     This cause of action is brought pursuant to Labor Code sections 204, 510, 1194, and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.  At all times relevant herein, Defendants were required to properly pay Plaintiff and the other Class Members for all overtime wages earned pursuant to Labor Code section 1194 and the Applicable Wage Orders.  Defendants caused Plaintiff and the other Class Members to work overtime hours but did not compensate them at one and one-half times their regular rate of pay for such hours in accordance with California law.  Likewise, Defendants caused Plaintiff and the other Class Members to work double-time hours but did not compensate them at twice their regular rate of pay for such hours in accordance with California law.

81.     Defendants failed to fully conform their pay practices to the requirements of California law.  This unlawful conduct includes but is not limited to Defendants' uniform and unlawful pay policies and practices of failing to accurately record all the time that non-exempt employees were under the supervision and control of Defendants.  The foregoing policies and practices are unlawful and allow Plaintiff and the other Class Members to recover in a civil action the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code section 204, 510, 1194, and 1198, the Applicable Wage Orders, and Code of Civil Procedure section 1021.5.

**Third Cause of Action**

*Failure to Provide Rest Periods and Pay Missed Rest Period Premiums*

*(Against All Defendants)*

82.     Plaintiff realleges and incorporates by reference all previous paragraphs.

83.     Section 12 of the Applicable Wage Orders, and Labor Code section 226.7 establish the right of employees to be provided with a rest period of at least ten minutes for each four-hour period

21

1  worked, or major fraction thereof.  (See Cal. Code of Regs., tit. 8, §§ 11010, 11070, 11170.)

2       84.    Due to Defendants' unlawful rest period policies and practices described in detail above,

3  Defendants did not authorize and permit Plaintiff and the other Class Members to take all rest periods

4  to which they were legally entitled.  Despite Defendants' violations, Defendants have not paid an

5  additional hour of pay to Plaintiff and the other Class Members at their respective regular rates of pay

6  for each violation, in accordance with California Labor Code section 226.7.

7       85.    The foregoing violations create an entitlement to recovery by Plaintiff and the other

8  Class Members in a civil action for the unpaid amount of rest period premiums owing, including interest

9  thereon, statutory penalties, and costs of suit pursuant to the Applicable Wage Orders, and California

10  Labor Code section 226.7.

11                     **Fourth Cause of Action**

12       *Failure to Provide Meal Periods and Pay Missed Meal Period Premiums*

13                 *(Against All Defendants)*

14       86.    Plaintiff realleges and incorporates by reference all previous paragraphs.

15       87.    Plaintiff is informed and believes and thereon alleges, that Defendants failed in their

16  affirmative obligation to provide their hourly non-exempt employees, including Plaintiff and the other

17  Class Members, with all required meal periods in accordance with the mandates of the Labor Code and

18  the Applicable Wage Orders, for the reasons set forth herein above.  Despite Defendants' violations,

19  Defendants have not paid an additional hour of pay to Plaintiff and the other Class Members at their

20  respective regular rates of pay for each violation, in accordance with California Labor Code section

21  226.7.

22       88.    As a result, Defendants are responsible for paying premium compensation for meal

23  period violations, including interest thereon, statutory penalties, and costs of suit pursuant to the

24  Applicable Wage Orders and Labor Code sections 226.7 and 512, and Civil Code sections 3287,

25  subdivision (b), and 3289.  (See Cal. Code of Regs., tit. 8, §§ 11010, 11070, 11170.)

26  ///

27  ///

28  ///

**Fifth Cause of Action**

*Failure to Maintain Accurate Employment Records*

*(Against All Defendants)*

89.     Plaintiff realleges and incorporates by reference all previous paragraphs.

90.     Pursuant to California Labor Code section 1174, subdivision (d), an employer shall keep at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and wages paid to employees employed at the respective plants or establishments.  These records must be kept in accordance with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than two years.

91.     Labor Code section 1174.5 imposes a civil penalty of $500 for an employer's failure to maintain accurate and complete records.

92.     Defendant has intentionally and willfully failed to keep accurate and complete records showing the hours worked daily and wages paid to Plaintiff and the other Class Members.  Thus, Plaintiff and the other Class Members have been denied their legal right and protected interest in having available at a central location at the plant or establishment where they are employed, accurate and complete payroll records showing the hours worked daily by, and the wages paid to, employees at those respective locations pursuant to Labor Code 1174.

**Sixth Cause of Action**

*Failure to Pay Wages Timely during Employment*

*(Against All Defendants)*

93.     Plaintiff realleges and incorporates by reference all previous paragraphs.

94.     Labor Code section 200 provides that "wages" include all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, pieces, commission basis, or other method of calculation.  Labor Code section 204 states that all wages earned by any person in any employment are payable twice during the calendar month and must be paid not more than seven days following the close of the period when the wages were earned.  Labor Code section 210, subdivision (a), makes employers who violate Labor Code section 204 subject to a penalty of $100 for any initial failure to timely pay each employee's full wages and $200 for each

1  subsequent violation, plus 25% of the amount unlawfully withheld.

2      95.    Labor Code section 216 establishes that it is a misdemeanor for any person, with regards

3  to wages due to "falsely deny the amount or validity thereof, or that the same is due, with intent to

4  secure himself, his employer or other person, any discount upon such indebtedness, or with intent to

5  annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

6      96.    Defendants as a matter of established company policy and procedure in the State of

7  California, scheduled, required, suffered, and/or permitted Plaintiff and the other Class Members, to

8  work without full compensation, to work without legally-compliant off-duty meal periods, to work

9  without legally-compliant off-duty rest periods, and thereby failed to fully pay Plaintiff and the other

10  Class Members within seven days of the close of payroll, as required by law.

11      97.    Defendants, as a matter of established company policy and procedure in the State of

12  California, falsely deny they owe Plaintiff and the other Class Members these wages, with the intent of

13  securing for itself a discount upon its indebtedness and/or to annoy, harass, oppress, hinder, delay,

14  and/or defraud Plaintiff and the other Class Members.

15      98.    Defendants' pattern, practice, and uniform administration of its corporate policy of

16  illegally denying employees compensation, as described herein, is unlawful and entitles Plaintiff and

17  the other Class Members to recover, pursuant to Labor Code section 218, the unpaid balance of the

18  compensation owed to them in a civil action and any applicable penalties, attorney fees, and interest

19  owed to them pursuant to Labor Code sections 210 and 218.5.

20  **Seventh Cause of Action**

21  *Failure to Pay All Wages Earned and Unpaid at Separation*

22  *(Against All Defendants)*

23      99.    Plaintiff realleges and incorporates by reference all previous paragraphs.

24      100.    The actionable period for this cause of action is three years prior to the filing of this

25  complaint through the present, and ongoing until the violations are corrected, or the class is certified.

26  (*Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1395; *Murphy v. Kenneth Cole Productions,*

27  *Inc.* (2007) 40 Cal.4th 1094, 1109; Code Civ. Proc., § 338, subd. (a).) Labor Code sections 201 and

28  202 of the California Labor Code require Defendants to pay all compensation due and owing to its

24

1  former employees (including the formerly-employed Class Members) during the actionable period for
2  this cause of action at or around the time that their employment is or was terminated, or ended.

3      101.    Section 203 of the Labor Code provides that if an employer willfully fails to pay
4  compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the
5  employer is liable for penalties in the form of continued compensation up to thirty workdays.

6      102.    Due to Defendants' faulty pay policies, those Class Members whose employment with
7  Defendants has concluded were not compensated for each and every hour worked at the appropriate
8  rate.  Defendants have willfully failed to pay those formerly-employed Class Members whose sums
9  were certain at the time of termination within seventy-two hours of their resignation and have failed to
10  pay those sums for thirty days thereafter as required by Labor Code sections 201 through 203.

11      103.    As a result, Defendants are liable to the formerly-employed Class Members for waiting
12  time penalties amounting to thirty days wages for the formerly-employed Class Members pursuant to
13  Labor Code section 203.  (See, e.g., DLSE Manual, § 4.3.4 [failure to pay any sort of wages due upon
14  termination entitles an employee to recover waiting time penalties].)

15                      **Eighth Cause of Action**
16              *Failure to Indemnify All Necessary Business Expenditures*
17                          *(Against All Defendants)*

18      104.    Plaintiff realleges and incorporates by reference all previous paragraphs.

19      105.    California Labor Code Section 2802 states that employers must "indemnify" an
20  employee for "all necessary expenditures or losses incurred by the employee in direct consequence of
21  the discharge of his or her duties, or of his or her obedience to the directions of the employer."
22  Likewise, Labor Code section 2804 states that "any contract or agreement, express or implied, made
23  by any employee to waive the benefits of this article or any part thereof, is null and void, and this article
24  shall not deprive any employee or his personal representative of any right or remedy to which he is
25  entitled under the laws of this State."

26      106.    Here, Plaintiff and the other Class Members paid out of pocket for necessary business
27  expenditures incurred as a direct consequence and requirement of performing their job duties, including
28  the costs associated with their personal cell phone they required to perform their work.  Despite

1   knowing that Plaintiff and the other Class Members incurred these necessary business expenses and

2   requiring Plaintiff and the other Class Members to use such items, Defendants did not reimburse them.

3        107.   Thus, Plaintiff and the other Class Members are entitled to recover the cost of such

4   necessary business expenses, plus interest from the date each incurred such business expenses, plus

5   fees and costs. (Lab. Code, § 2802, subds. (b), (c).)

6   **Ninth Cause of Action**

7   *Failure to Furnish Accurate Itemized Wage Statements*

8   *(Against All Defendants)*

9        108.   Plaintiff realleges and incorporates by reference all previous paragraphs.

10        109.   Labor Code section 226, subdivision (a), obligates employers, semi-monthly or at the

11   time of each payment to furnish an itemized wage statement in writing showing:

12          (1)   The gross wages earned;

13          (2)   The total hours worked by the employee;

14          (3)   The number of piece-rate units earned and any applicable piece rate if

15                the employee is paid on a piece rate basis;

16          (4)   All deductions, provided that all deductions made on written orders of

17                the employee may be aggregated and shown as one item;

18          (5)   The net wages earned;

19          (6)   The inclusive dates of the period for which the employee is paid;

20          (7)   The name of the employee and only the last four digits of his or her social

21                security number or an employee identification number other than a social

22                security number;

23          (8)   The name and address of the legal entity that is the employer; and

24          (9)   All applicable hourly rates in effect during the pay period and the

25                corresponding number of hours worked at each hourly rate by the

26                employee.

27        110.   As set forth above, Defendants issued and continues to issue wage statements to its non-

28   exempt employees including Plaintiff and the other Class Members that are inadequate under Labor

26

Code section 226, subdivision (a). By failing to pay Plaintiff and the other Class Members properly as described above, Defendants failed to include required information on their wage statements, including, but not limited to, the gross wages earned, the net wages earned in violation of Labor Code section 226, subdivision (a).

111. Defendants' failure to comply with Labor Code section 226, subdivision (a), of the Labor Code was knowing and intentional. (Lab. Code, § 226, subd. (e)).

112. As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and the other Class Members in violation of Labor Code section 226, subdivision (a), Plaintiff and the other Class Members are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per each Class Member from Defendants pursuant to Labor Code section 226, subdivision (e), along with costs and reasonable attorneys' fees.

## **Tenth Cause of Action**

*Violations of California's Unfair Competition Law*

*(Against All Defendants)*

113. Plaintiff realleges and incorporates by reference all previous paragraphs.

114. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code section 17200 through 17210, by committing the unlawful acts described above. Defendants' utilization of these unfair and unlawful business practices deprived and continue to deprive Plaintiff and the other Class Members of compensation to which they are legally entitled. These practices constitute unfair and unlawful competition and provide an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

115. Because Plaintiff is a victim of Defendants' unfair and unlawful conduct alleged herein, Plaintiff for himself and on behalf of the Class Members, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code sections 17203 and 17208.

1    116.    The acts complained of herein occurred within the four years prior to the initiation of
2    this action and are continuing into the present and ongoing.

3    117.    Plaintiff was compelled to retain the services of counsel to file this Court action to
4    protect his interests and those of the Class Members, to obtain restitution and injunctive relief on behalf
5    of Defendants' current non-exempt employees and to enforce important rights affecting the public
6    interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which Plaintiff
7    is entitled to recover under Code of Civil Procedure section 1021.5.

8    **VII.   DEMAND FOR JURY TRIAL**

9    118.    Plaintiff hereby demands trial by jury of Plaintiff's and the Class Members' claims
10   against Defendants.

11   **VIII.  PRAYER FOR RELIEF**

12   Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought
13   against Defendants, as follows:

14   **1.**    For an order certifying the proposed class;

15   **2.**    For an order appointing Plaintiff as representative of the class;

16   **3.**    For an order appointing Plaintiff's counsel as counsel for the class;

17   **4.**    For the failure to pay all minimum wages, compensatory, consequential, general, and
18          special damages according to proof pursuant to Labor Code sections 1194, 1194.2,
19          1197, and others as may be applicable;

20   **5.**    For the failure to pay all overtime wages, compensatory, consequential, general, and
21          special damages according to proof pursuant to Labor Code sections 204, 510, 1194,
22          1198, and others as may be applicable;

23   **6.**    For the failure to provide rest periods and pay missed rest period premiums,
24          compensatory, consequential, general, and special damages according to proof pursuant
25          to Labor Code section 226.7;

26   **7.**    For the failure to provide meal periods and pay missed meal period premiums,
27          compensatory, consequential, general, and special damages according to proof pursuant
28          to Labor Code sections 226.7 and 512;

8.     For the failure to maintain accurate employment records, penalties pursuant to Labor Code sections 226.3, 1174.5, and others that may be applicable;

9.     For the failure to pay wages timely during employment, the unpaid balance of the compensation owed to Plaintiff and the other Class Members and any applicable penalties owed to them pursuant to Labor Code section 210;

10.     For the failure to pay all wages earned and unpaid at separation, statutory waiting time penalties pursuant to Labor Code sections 201 through 203, for the Class Members who quit or were fired in an amount equal to their daily wage multiplied by thirty days, as may be proven;

11.     For the failure to indemnify all necessary business expenditures, all unreimbursed business expenses, and interest thereon, that are owed, pursuant to Labor Code section 2802, and attorney fees, pursuant to Labor Code section 2802, subdivision (c);

12.     For the violations of California's Unfair Competition Law, restitution to Plaintiff and the other Class Members of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code sections 17200 through 17210;

13.     Prejudgment interest on all due and unpaid wages pursuant to Labor Code section 218.6 and Civil Code sections 3287 and 3289;

14.     On all causes of action for which attorneys' fees may be available, for attorneys' fees and costs as provided by Labor Code sections 218.5, 226, Code of Civil Procedure section 1021.5, and others as may be applicable;

15.     For an order enjoining Defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this complaint; and

///

///

///

///

1         **16.**    For such other and further relief, this Court may deem just and proper.

2

3     Dated: May 4, 2022                    **MELMED LAW GROUP P.C.**
                                          **BOKHOUR LAW GROUP, P.C.**

4

5                                               **JONATHAN MELMED**

6                                               **MEHRDAD BOKHOUR**
                                          Attorneys for Plaintiff and the Putative Class

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) – *INFORMATION PACKAGE*

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. ***

---

### What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

### Advantages of ADR:
- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

### Disadvantages of ADR:
- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

### Main Types of ADR:

**Mediation:**    In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**    Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

---

**Page 1 of 2**

Arbitration may be appropriate when the parties:
- ✍ want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- ✍ do not want to risk going through both arbitration and trial (Judicial Arbitration)
- ✍ do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

### General Policy:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

### Court-Ordered ADR:
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### Private ADR (for cases not ordered to arbitration or mediation):
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - ✍ Your preferences for mediation or arbitration.
   - ✍ Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- ✍ The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- ✍ Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 4/ 4 R- At dm̄ Ulrs̄ +Ql - 1/ 0+Bnqm̄ +B@81771
☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-ADR001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                  FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

CASE NUMBER:

CASE MANAGEMENT CONFERENCE DATE(S):

### STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**
Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**
If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration     ☐ Other (describe): _____

Proposed date to complete ADR: _____

### SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001 [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

**Page 1 of 1**
Statutory Authority
riverside.courts.ca.gov/localfrms/localfrms.shtml

Electronically FILED by Superior Court of California, County of Riverside on 05/04/2022 03:59 PM
Case Number CVRI2201797 0000020329762 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Stephanie Anderson, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

- ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
- ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
- ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
- ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
- ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
- ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
- ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-CI032**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br>**MELMED LAW GROUP P.C.**<br>Jonathan Melmed (SBN 290218); Laura Supanich (SBN 314805)<br>1801 Century Park East, Suite 850, Los Angeles, CA 90067<br><br>TELEPHONE NO: (310) 824-3828   FAX NO. *(Optional)*:(310) 862-6851<br>E-MAIL ADDRESS *(Optional)*: jm@melmedlaw.com; lms@melmedlaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff Samual Ryciak | FOR COURT USE ONLY |
| PLAINTIFF/PETITIONER: Samual Ryciak<br><br>DEFENDANT/RESPONDENT: The American Bottling Company, et al. | CASE NUMBER:<br>CVRI2201797 |

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒  The action arose in the zip code of: _____ 92507 _____

☐  The action concerns real property located in the zip code of: _____

☐  The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date _____ May 04, 2022 _____

Jonathan Melmed
_____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)   ▶   _____
(SIGNATURE)

**Page 1 of 1**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**     CVRI2201797

**Case Name:**     RYCIAK vs THE AMERICAN BOTTLING COMPANY

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Craig Riemer in Department 1 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|   | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. *A Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 05/05/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
S. Anderson, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# EXHIBIT B

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
05/05/2022
CT Log Number 541526519

## Service of Process Transmittal Summary

**TO:**     Stephen Cole
            KEURIG DR PEPPER SNAPPLE GROUP
            6425 HALL OF FAME LN
            FRISCO, TX 75034-1954

**RE:**     **Process Served in California**

**FOR:**    Keurig Dr Pepper Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SAMUAL RYCIAK, an individual, on behalf of himself and all others similarly situated // To: Keurig Dr Pepper Inc. |
| **CASE #:** | CVRI2201797 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/05/2022 at 01:42 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/05/2022, Expected Purge Date: 05/10/2022 |
| | Image SOP |
| | Email Notification,  Janet Barrett  janet.barrett@kdrp.com |
| | Email Notification,  Stephen Cole  stephen.cole@kdrp.com |
| | Email Notification,  INGA HARRISON  inga.harrison@kdrp.com |
| | Email Notification,  Lauren Timmons  lauren.timmons@kdrp.com |
| | Email Notification,  Indira Wanser  indira.wanser@kdrp.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-665-5799 |
| | SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Thu, May 5, 2022
**Server Name:**             Douglas Forrest

| Entity Served | KEURIG DR PEPPER INC. |
|---|---|
| Case Number | Cvri to 201797 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA )
                                  ) SS
COUNTY OF LOS ANGELES )

         I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California  90067-3021.  On June 6, 2022, I served the within document(s):

         DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐   electronically by using the Court's ECF/CM System.

| | |
|---|---|
| Jonathan Melmed | Attorneys for Plaintiff SAMUAL |
| Laura Supanich | RYCIAK and the Putative Class |
| Krikor Kouyoumdjian | |
| MELMED LAW GROUP P.C. | Emails: jm@melmedlaw.com; |
| 1801 Century Park East, Suite 850 | lms@melmedlaw.com; |
| Los Angeles, CA 90067 | krikor@melmedlaw.com |
| | |
| Mehrdad Bokhour | Attorney for Plaintiff SAMUAL |
| BOKHOUR LAW GROUP, P.C. | RYCIAK and the Putative Class |
| 1901 Avenue of the Stars, Suite 450 | |
| Los Angeles, CA 90067 | Email: mehrdad@bokhourlaw.com |

         I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

         Executed on June 6, 2022, at Los Angeles, California.

                                  */s/ Paulin Kim*
                                  Paulin Kim

84176001v.1